UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 |
|---|---|
| JAMES A. FERNANDEZ, | Case No. 17-12594-shl |
| Debtor. | |

DECLARATION OF PAUL A. RACHMUTH IN SUPPORT OF
APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(a)
AND 1107(b), FED. R. BANKR. P. 2014 & 2016 APPROVING HIS
EMPLOYMENT AND RETENTION AS ATTORNEY FOR THE
DEBTOR, *NUNC PRO TUNC*, TO THE PETITION DATE

I, PAUL RACHMUTH, declare pursuant to Section 1746 of title 28 of the United States Code that the following is true to the best of my knowledge, information and belief:

BACKGROUND

1.    I am an attorney am admitted to practice in the state of New York and the Southern District of New York and have been a member of good standing of the New York Bar since 1996. My office address is 265 Sunrise Highway, Suite 62, Rockville Centre, New York 11570.

2.    I make this declaration (this "Declaration") pursuant to Sections 327, 329, 330, and 504 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the S.D.N.Y. Local Bankruptcy Rules (the "Local Rules") in Support of the Application (the

"Application")[1] to approve the my employment and retention as counsel to James Andrew Fernandez (the "Debtor").

## DISINTERESTEDNESS

3.      I have reviewed certain of the Debtor's books and records and discussed this case with the Debtor and his accountant. I have also conducted a conflict search by comparing the Debtor's creditors and other parties in interest with a listing of my current and former clients.

4.      Based upon the foregoing, I have determined that:

a.  I have no any connection with the Debtor's creditors, parties in interest or affiliates, attorneys, accountants, the United States Trustee, or any person employed in the Office of the United States Trustee; and

b.  I do not represent or hold any interest adverse to the Debtor, his estate, creditors or equity security holders in the matters upon which I am to be engaged, and am a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code, in that neither I nor anyone associated with me (i) are creditors, equity security holders or insiders of the Debtor; (ii) are or were, within two years before the date of filing of the Debtor's chapter 11 case, a director, officer or employee of the Debtor; or (iii) have an interest materially adverse to the interest of the estate of the Debtor or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

c.  I am not related to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

---

1      Capitalized terms not defined herein shall have the same meanings ascribed to them in the Application.

2

5. I was first introduced to the Debtor on or about September 11, 2017 and have not performed any work for the Debtor except as it relates to this Chapter 11 bankruptcy case.

6. I will periodically review my files during the pendency of this 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, I will use my reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

## QUALIFICATIONS AND SERVICES TO BE RENDERED

7. I have extensive experience and knowledge in the fields of bankruptcy reorganizations. I received my LLM in bankruptcy law in 2001 and have been counsel to or otherwise been involved with several dozen individual and corporate chapter 11 bankruptcy filings and reorganizations before bankruptcy courts in this and other districts throughout the country.

8. I will render specialized legal services to the Debtor as needed throughout the Chapter 11 case, including:

   a. Advising the Debtor of his rights, powers and duties as debtor-in-possession under the Bankruptcy Code;

   b. Performing all legal services for and on behalf of the Debtor that may be necessary or appropriate in the administration of this bankruptcy case, including conducting Section 363 sales of the Bayville and Mendham Houses;

   c. Preparing on behalf of the Debtor all necessary and appropriate applications, motions, pleadings, draft orders, notices, schedules, and other documents and reviewing all financial and other reports to be filed in his bankruptcy case;

   d. Advising the Debtor concerning, and preparing responses to, applications, motions, complaints, pleadings, notices, and other papers that may be filed and served in his bankruptcy case;

   e. Working with and coordinating efforts among other professionals to attempt to preclude any duplication of effort among those professionals and to guide their efforts in the overall framework of Debtor's reorganization; and

3

   f.  Working with any professional retained by other parties in interest in the bankruptcy case.

9.  The nonexclusive services described above are essential to the Debtor's successful reorganization.

## COMPENSATION

10.  Subject to Court approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court, I will seek my customary hourly rates in effect from time to time as set forth herein, plus reimbursement of actual, necessary expenses incurred by me on the Debtor's behalf. The following are my current hourly rates for work of this nature:

| | |
|---|---|
| Mr. Rachmuth | $525 |
| Paraprofessional | $150 |

11.  The hourly rates set forth above are subject to adjustments on January 1st of each year (beginning January 1, 2018) to reflect economic and other conditions. I will give the Debtor and the Office of the United States Trustee at least thirty days' advance notice of any change in my billing rates.

12.  I will comply with the requirements of this Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules with respect to fee and expense applications of professionals employed by bankruptcy estates.

13.  I received a prepetition retainer of $6,717 (the "Retainer") from Sperro Fabrication. Prepetition, I accrued $3,675 in fees and incurred expenses of $1,717 for the Debtor's Chapter 11 filing fees, for a total prepetition fees and expenses of $5,392.00, which has been deducted from

4

the Retainer. Accordingly, upon the Debtor's bankruptcy filing, I was not a creditor of the Debtor and was holding a Retainer balance of $ 1325.00.

14. Sperro Fabrication, the company owned by the Debtor has agreed to guaranty my fees and expenses in this case.

15. Except as set forth herein, I have never been counsel for the Debtor, or otherwise received payment for services related thereto.

16. No promises have been received by or on behalf of me as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

17. I have no agreement with any other entity to share with such entity any compensation received by me in connection with this case.

18. I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.


Dated: October 23, 2017
      Rockville Centre, New York

                                        Paul A. Rachmuth

                                        /s/ Paul A. Rachmuth
                                        Paul A. Rachmuth (PR1566)
                                        Attorney at Law
                                        265 Sunrise Highway, Ste. 62
                                        Rockville Centre, NY  11570
                                        Telephone:    (516) 330-0170
                                        Facsimile:    (516) 543-0516